IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BRIAN COOKE**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-22-297 |
| **MATTHEW LANCELOTTA**, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On February 4, 2022, Plaintiffs Brian Cooke and Scott Pevenstein filed suit in their individual capacities, and derivatively on behalf of themselves and several forfeited corporations (collectively, the "GC Entities") and Grilled Cheese & Co., LLC ("GCC"), against Defendants Matthew Lancelotta ("Matthew"), Kelley Lancelotta ("Kelley"), James Lancelotta ("James"), Richard Kuczak, Kuczak & Associates, PA, Crabby One Franchise, LLC ("Crabby One"), and several corporations listed as nominal Defendants. ECF 1. The Complaint alleges 18 claims related to the Defendants' alleged fraud, embezzlement, and abusive tax scheme.

Along with the Complaint, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction. ECF 2. This Court held a hearing on Plaintiffs' motion for a temporary restraining order and preliminary injunction on March 1, 2022 at which the Court heard oral argument by attorneys for the Plaintiffs, Matthew, and Kelley and James respectively. This Court denied Plaintiffs' motion but ordered the parties to engage in limited expedited discovery in preparation for an evidentiary hearing on the Plaintiffs' motion for a preliminary injunction, which was set for April 7, 2022.

In the meantime, Defendants have filed several motions to dismiss, ECF 29-32, Plaintiffs filed an omnibus opposition to those motions, ECF 42, and Defendants Richard J. Kuczak, CPA, and Kuczak & Associates, PA filed a reply. ECF 43. This Court has reviewed those filings and their attached exhibits. No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendants' motions to dismiss will be granted because the Complaint fails to state a claim under 26 U.S.C. § 7434. This Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The scheduled evidentiary hearing will therefore be canceled so that Plaintiffs' claims and assertions in their supplemental filing in support of their preliminary injunction can be adjudicated fully in state court.

I.   **FACTUAL BACKGROUND**

The factual background of this case is set forth in detail in this Court's March 3, 2022 memorandum opinion, ECF 33. Because that factual background is not essential to the discussion of the legal issues discussed in this opinion, this Court does not reiterate those facts here.

II.  **LEGAL STANDARDS**

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must

2

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In addition to the plausibility standard set forth in *Twombly*, fraud-based claims are subject to heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

3

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).  However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III.   ANALYSIS

The Complaint alleges 18 claims, only one of which—Count I: Defendants' alleged violation of 26 U.S.C. § 7434—creates a federal question that purportedly confers federal jurisdiction over this case.  This Court agrees with Defendants, though, that Count I fails to state a claim and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).  With no other plausible federal claim alleged, this Court will dismiss the Complaint under its "wide discretion" to decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

This case involves facts that, if true, reveal serious financial wrongdoing and corporate misconduct.  But at its core, it is a quintessential corporate dispute centered on claims under various provisions of Maryland law and the common law, which makes it far more appropriate for

4

adjudication in Maryland state courts than in federal court.  This Court will first address why Count I fails to state a claim before addressing its decision to decline supplemental jurisdiction over the remaining state law claims.

### A.  Count I: 26 U.S.C. § 7434

Count I alleges that Defendants violated § 7434 by falsifying information on Form 1065, which is entitled "U.S. Return of Partnership Income."  *See* ECF 1 ¶ 354-55.  In particular, Plaintiffs claim that Defendants "manipulated" their Schedule K-1 statements (which are filed with the Internal Revenue Service ("IRS") as a component of Form 1065) "to conceal hundreds and thousands [of] dollars in distributions Matthew and James received which they fraudulently characterized as loans to themselves from various GC Entities[.]" *Id.* ¶ 358.

Section 7434 states: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."  26 U.S.C. § 7434(a).  The statute specifies that "[f]or purposes of this section, the term 'information return' means any statement described in section 6724(d)(1)(A)."  26 U.S.C. § 7434(f).

The parties' principal dispute with respect to the viability of Count I relates to whether Form 1065 is an "information return" under § 6724(d)(1)(A).  Section 6724(d)(1)(A) defines "information return" as:

> any statement of the amount of payments to another person required by—(i) section 6041(a) or (b) (relating to certain information at source), (ii) section 6042(a)(1) (relating to payments of dividends), (iii) section 6044(a)(1) (relating to payments of patronage dividends), (iv) section 6049(a) (relating to payments of interest), (v) section 6050A(a) (relating to reporting requirements of certain fishing boat operators), (vi) section 6050N(a) (relating to payments of royalties), (vii) section 6051(d) (relating to information returns with respect to income tax withheld), (viii) section 6050R (relating to returns relating to certain purchases of fish), or (ix) section 110(d) (relating to qualified lessee construction allowances for short-term leases)[.]

5

26 U.S.C. § 6724(d)(1)(A).

Plaintiffs first argue that Form 1065 qualifies as an "information return" for purposes of § 7434 because it is a "statement of the amount of payments to another person required by" 26 U.S.C. § 6041(a) or (b). ECF 42 at 13. Specifically, Plaintiffs argue that § 6041(a) requires the filing of Form 1065 because it requires the filing of a return for payments of $600 or more by "[a]ll persons engaged in a trade or business and making payment in the course of such trade or business to another person, of rent, salaries, wages premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains profits and income[,]" except for payments to which an enumerated list of other sections applies. 26 U.S.C. § 6041(a).

Defendants argue that 26 U.S.C. § 6031, not § 6041, requires the filing of Form 1065. However, § 6031 is not among the enumerated sections specifically excluded from § 6041's reach. Therefore, according to Plaintiffs, whether or not § 6031 requires the filing of Form 1065, such a filing is *also* required by § 6041(a), which they argue "augments" and complement[s]" the requirements set forth in § 6031. ECF 42 at 15.

Plaintiffs cite no authority for their assertion that § 6041(a) requires the filing of Form 1065. While they point out that IRS documents refer to Form 1065 as an "information return," ECF 42 at 18, this argument misses the point. Whether or not Form 1065 is an "information return" in a general sense, the only relevant question here is whether it qualifies as an "information return" as defined in § 6724(d)(1)(A). Plaintiffs also cite *Tran v. Tran*, 239 F. Supp. 3d 1296, 1298 (M.D. Fla. 2017), which recognizes that § 6724(d)(1)(A) refers to an information return as "'any statement of the amount of payments to another person required by' the Internal Revenue Code." *Id.* (quoting 26 U.S.C. § 6724). The *Tran* case, however, did not address whether Form 1065 is an information return for purposes of § 7434. Indeed, it did not even consider the enumerated

categories in § 6724(d)(1)(A), and, in any event, the court in that case held that the § 7434 claim at issue failed to state a claim. *Tran*, 239 F. Supp. 3d at 1298-99.

By contrast, Defendants make compelling arguments that § 6041 *does not* require the filing of Form 1065. While Defendants make several persuasive arguments, they point to IRS regulations that, in this Court's view, conclusively demonstrate that the information meant to be reported in Form 1065 is required by § 6031, and that it is explicitly *not* required by § 6041. ECF 43 at 5. 26 C.F.R. § 1.6041-3 lists "Payments for which no return of information is required under section 6041." The regulation continues: "Returns of information are not required under section 6041 and §§ 1.6041-1 and 1.6041-2 for payments described in paragraphs (a) through (q) of this section[.]" 26 C.F.R. § 1.6041-3. Paragraph (f) of that section states: "Compensation and profits paid or distributed by a partnership to the individual partners (but for reporting requirements, see § 1.6031-1)." 26 C.F.R. § 1.6041-3(f). In other words, "Compensation and profits paid or distributed by a partnership to the individual partners" must be reported in Form 1065 under § 6031, rather than in a Form 1099 under § 6041. This Court finds, therefore, that the Form 1065s and Schedule K-1s at issue in this case are not "information return[s]" required by § 6041.

Plaintiffs argue, in the alternative, that Defendants' filings are "information returns" for purposes of § 6724(d)(1)(A) because they are a "statement of the amount of payments to another person required by . . . (ii) section 6042(a)(1) (relating to payments of dividends)[.]" 26 U.S.C. § 6724(d)(1)(A)(ii). According to Plaintiffs, "the IRS *has already* determined that § 6042(a) requires partnerships to report *dividends* to partners on Schedule K-1." ECF 42 at 19 (emphasis in original). Again, though, while Plaintiffs cite materials from the IRS specifying that dividends should be reported on "Schedule K-1 (Form 1065)[,]" Plaintiffs do not cite anything supporting their argument that this reporting requirement stems from § 6042(a)(1). *Id.* And again, IRS

7

regulations suggest they do not.  First, IRS regulations suggest that dividend information reported pursuant to § 6042(a) should be reported on Form 1099, not Form 1065 or Schedule K-1.  26 C.F.R. § 1.6042-2 (specifying how "An information return on Form 1099 shall be made under section 6042(a)").  Several courts have also found that § 6042 triggers the requirement to file Form 1099.  *See L.C. Bohart Plumbing & Heating Co., Inc. v. Commissioner of Internal Revenue*, 64 T.C. 602, 608 (1975) ("As set forth in section 6042(a) and the accompanying section 1.6042-2, Income Tax Regs., every corporation must report on Forms 1099 and 1096 the aggregate amount of its yearly dividend payments of $10 or more[.]").  Second, IRS regulations issued pursuant to § 6042 specify that

> the term dividend for purposes of this section and §§ 1.6042-2 and 1.6042-4 means . . . (1) Any distribution made by a corporation to its shareholders which is a dividend as defined in section 316; and (2) Any payment made by a stockbroker to any person as a substitute for a dividend.  Such a payment includes any payment made in lieu of a dividend to a person whose stock has been borrowed. . . . and (3) A distribution from a regulated investment company (irrespective of the fact that any part of the distribution may not represent ordinary income[.]

26 C.F.R. § 1.6042-3 (Dividends subject to reporting.).  Clearly, the dividends at issue in this case do not fall into any of those three categories because the corporate Defendants are not corporations, the Plaintiffs are not shareholders, and none of the parties is a stockbroker or regulated investment company.  Plaintiffs correctly argue that partnerships (along with many other individuals and corporate entities), not just corporations, are required to report payments of, and the receipt of, dividends.  But the fact that corporate entities and individuals alike must report the payment of, and receipt of, dividends does not mean that those reporting requirements all fall under § 6042.  Because § 6042 does not appear to require the filing of Form 1065 or Schedule K-1, and because the information Defendants reported in their Form 1065s and Schedule K-1s does not meet the definition of "dividend" under § 6042's implementing regulations, this Court finds that those

filings are not "information returns" for purposes of § 6724(d)(1)(A)(ii). Accordingly, Count I fails to state a claim and must be dismissed.

### B. Supplemental Jurisdiction

Plaintiffs argue that even if Count I does not state a claim, this Court should exercise supplemental jurisdiction over their remaining state law claims. ECF 42 at 8-11. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over state claims if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). The Supreme Court has explained that district judges should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (footnote omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

After considering the *Carnegie-Mellon* factors, this Court will decline to exercise supplemental jurisdiction over the Plaintiffs' pendent state law claims. While this Court is sensitive to, and appreciates, the fact that the attorneys on both sides of this case have expended significant time and resources on this case to date (and on an expedited basis), this litigation has just begun. Indeed, this Court has only considered Plaintiffs' motion for a temporary restraining

order and preliminary injunction and Defendants' motions to dismiss. Assuming Plaintiffs refile their claims in Maryland state court, that court will need to familiarize itself with the facts of this case, but it will be equally well-positioned to consider the merits of Plaintiffs' claims under Maryland law and the common law, which this Court has not yet considered. Moreover, this case is a quintessential corporate dispute involving claims under numerous Maryland laws, and, as such, it should be litigated in Maryland courts, given the state's strong interest in adjudicating disputes under its own laws.[1]

### IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss, ECF 29-32, will be granted, and the Complaint will be dismissed without prejudice. Accordingly, the evidentiary hearing currently scheduled for April 7, 2022 will be cancelled. A separate order follows.

Dated: April 5, 2022

/s/
Stephanie A. Gallagher
United States District Judge

---

[1] Plaintiffs rely on several cases to argue that this Court should retain supplemental jurisdiction over Plaintiffs' state law claims because it may properly exercise jurisdiction under 28 U.S.C. § 1331 so long as the federal claim is not frivolous on its face. ECF 42 at 9-11. These cases are inapposite here because they concern a district court's ability to exercise jurisdiction over pendent state law claims *before* making any decision on the merits of the disputed federal claim. However, once a district court dismisses a lone federal claim, the law is clear that it has "wide discretion" to decline to exercise supplemental jurisdiction over the remaining state law claims. *See Shanaghan*, 58 F.3d at 110.